[No. 9707. Department Two. December 2, 1911.]

AUGUST A. JOHNSON, *Respondent,* v. ANNA E. JOHNSON
*et al., Appellants.*[1]

PLEADINGS—DEMURRER—WAIVER OF OBJECTIONS. Error in overruling a demurrer to a complaint is waived by answer and trial on the merits.

EXECUTION—SALE—VACATION—FRAUD—EVIDENCE — SUFFICIENCY — PERSONAL NOTICE. An execution sale will not be set aside two years after the sale on the allegations of want of personal notice and fraud, where it appears that the judgment debtor had notice that the plaintiff intended to and would issue execution and sell the property if the judgment was not paid, and the altercation which took place shows that there could have been no deception; personal notice of the sale not being required by Rem. & Bal. Code, § 582.

EXECUTION—SALE—VACATION—INADEQUACY OF PRICE. An execution sale of property of the value of $1,000, to satisfy a judgment of $195.50, will not be set aside on the sole ground of inadequacy of price, the sale having been made at public auction on due notice and no fiduciary relation existing or circumstances proven showing unfairness.

EXECUTION—SALE—PURCHASE BY ATTORNEY. The attorney for the adversary may bid in property of the judgment debtor upon execution sale the same as though he were a stranger.

Appeal from a judgment of the superior court for King county, Hinkle, J., entered April 6, 1911, upon findings in favor of the plaintiff, in an action to set aside an execution sale. Reversed.

*George B. Cole,* for appellants.

*F. B. Carpenter,* for respondent.

DUNBAR, C. J.—Respondent August A. Johnson and appellant Anna E. Johnson were formerly husband and wife, owned certain community property in King county, Washington, among which was lot 10, block 30, of Gilman Park, the land in controversy. The appellant Johnson brought

[1]Reported in 119 Pac. 22.

an action for divorce against the respondent Johnson, and a decree of divorce was granted in the superior court of King county, Washington. A division of property was made by the court, and the said lot 10 was awarded to the respondent. There was also a judgment for $100 attorney's fees, and costs amounting to $40, entered against respondent Johnson. This judgment was not paid, and on April 22, 1908, the sheriff of King county levied on said block 10, and sold it on July 6, 1908, to appellant Cole, for $154.80.

During all the time between the awarding of the judgment against the respondent on January 27, 1908, and March 10, 1910, the said lot was rented by respondent to one Charles Hegstrom, and on March 10, 1910, appellant Cole served a notice of ownership and to pay rent, on said Hegstrom; and on February 14, 1911, this action was brought by respondent Johnson, asking that the sale of said lot 10 be decreed fraudulent and void, and that said sale be set aside and vacated; alleging a decree of divorce, the awarding of lot 10 to the respondent, the renting of the same to Hegstrom; that the sale was fraudulently procured by the appellant Cole; that no notice of sale had been served upon him, and that he did not know that any levy was ever made on said lot until about December 10, 1910; alleging publication in an obscure newspaper; that the appellant Cole was in possession of the lot and claimed the same as his property and the property of his wife; and other matters not necessary to be mentioned.

The appellants denied the material allegations of the complaint. The respondent replied to some immaterial affirmative matters in the answer, and the case was tried before Honorable J. D. Hinkle, a visiting judge in King county, with the result that the sale of lot 10, block 30, Gilman Park, King county, Washington, made by the sheriff of King county on the 6th day of June, 1908, was declared null and void, set aside, and vacated. It was also adjudged that the plaintiff, the respondent in this case, should recover the sum

of $25 for the rental value of said premises from the time possession was taken of it by appellant Cole up to the time of the trial. From this judgment this appeal is taken.

Inasmuch as the defendants answered and proceeded to the trial of the cause on the merits, we will not discuss the first assignment, viz., that the court erred in overruling the demurrer to the complaint. But the whole record convinces us that the court did err in adjudging that the deed to appellant Cole should be set aside, cancelled, and annulled. This case, it seems to us, falls squarely within the rule announced in *Merritt v. Graves*, 52 Wash. 57, 100 Pac. 164, excepting that that case was free from any question of estoppel on the part of the plaintiff, the action for relief having been brought before the confirmation of sale in the form of objections to the confirmation; and here there is an attack upon the judgment of confirmation and of sale more than two years and a half after sale, and one year after the deed had issued to the appellant. It is true that respondent testifies that he was not served with notice of the sale, and that notice was not given according to law, but this allegation he fails to substantiate by proof. He was not entitled under the law to personal notice. Laws 1903, p. 381, § 1; Rem. & Bal. Code, § 582. It fairly appears from the testimony that constructive notice was given, and so far as the personal notice is concerned, the appellant testifies in the most positive manner that, shortly after the judgment was rendered, he told the respondent that the judgment was a lien on his property, and that he must satisfy the judgment or that he (appellant Cole) would issue an execution and sell his property, and that the respondent defied him and threatened him with disbarment proceedings and other dire punishment; that the conversation was in appellant's office; that the altercation became so violent that the appellant ordered respondent out of his office, and that a physical encounter was narrowly averted. This is denied by the respondent, but the appellant's testimony is in substance corroborated

by witness E. E. Peck, who testified that he had explained to respondent that the judgment was a lien upon his real estate; that Cole had intimated to him that he would issue an execution and sell the property, and that he had better look after it, and that respondent had answered that if Cole tried a thing of that kind he would fix him. There was some attempt to impugn the motives of Mr. Peck, but it was an absolute failure. Mr. Peck had been attorney for respondent in the divorce proceedings, but this conversation he had with him was after he had settled up with him, and was evidently a good-natured attempt on his part to save his former client from unnecessary costs. This proof of personal notice to respondent is legally immaterial, since he was a party to the action and knew of the judgment and of its force and effect. But it is important as showing the lack of conspiracy, or of any hidden or ulterior action on the part of the appellant, looking to the deception or overreaching of the respondent in the matter of the sale.

So that there is nothing left in this case but the inadequacy of the purchase price. The amount bid on the property by Cole was $195.50. The testimony on the part of the respondent was that the property was worth from $1,700 to $1,800; on the part of the witnesses for the appellant, that it was worth about $1,000, the appellant himself, at the time of the trial, offering to take $1,000 for it. But while the amount bid was disproportionate, it is the general rule that inadequacy of price alone will not justify the setting aside of a judgment sale unless the disparity is so gross as to shock the conscience, and particularly where the estate is sold at public auction on legal notice and where no fiduciary relation exists.

In discussing the inability of attorneys to purchase property, and in noticing cases discussing that proposition, it was said by this court, in *Merritt v. Graves, supra:*

"But the prohibition in question has no application to a case of this kind. The appellant was the attorney for the

plaintiff in the original action, but she has not appealed and is not complaining. No relation of trust or confidence existed between the appellant and the respondent, and appellant was under no legal or moral obligation to protect him or his rights. The plaintiff in the action might have become the purchaser at the sale. . . . True, the attorney occupied a position of trust and confidence towards his client and could not become the purchaser at the sale against her will; if she did not consent to the purchase, she might by acting promptly claim the benefit of the purchase or oppose confirmation, but the matter was one solely between her and her attorney, and a stranger will not be heard to complain."

And so in this case, there was no fiduciary relation whatever existing between respondent and attorney Cole. He was attorney for respondent's opponent in the divorce proceeding. He was in no way entrusted with respondent's interests. On the contrary, his duty to his client placed him rather in the position of an adversary, and it must have been so understood; and he had the same right that any stranger would have to bid on the estate, not of his client but of the respondent, in any open market. Nothing that is said in *Roger v. Whitham*, 56 Wash. 190, 105 Pac. 628, 134 Am. St. 1105, militates against this rule. There the rule in relation to buying of estates by attorneys was applied, and it was held that a city attorney could not bid in property at a public sale conducted by him and assert equitable defenses against the owner, because he was charged as a trustee as well for the owner of the property charged with the lien of a specific assessment as for the city, and was bound to perform his full duty to each; and that, in such case, slight attending circumstances indicating unfairness were sufficient to sustain the discretion of the court in setting aside a sale for a great inadequacy of price. This opinion voices almost universal authority, and was based upon justice and fair dealing. But in this case, there being no fiduciary relation at any time,

and no circumstances proven tending to show unfairness, inadequacy of the price alone is not sufficient to annul the sale.

The judgment is reversed, with instructions to dismiss the action.

Crow, Ellis, Morris, and Chadwick, JJ., concur.