[No. 25369. Department Two. March 7, 1935.]

JOHN DAVIS ESTATE, INC., *Respondent,* v. JESSIE ORR ROCHELLE *et al., Appellants.*[1]

*Eggerman & Rosling,* for appellants.
*Weter, Roberts & Shefelman,* for respondent.

HOLCOMB, J.—This appeal is from an order confirming the sale of real estate made under an order of sale in a proceeding to foreclose a real estate mortgage upon three lots in Seattle.

In the foreclosure action, the only issue as to appellants Beeler and wife was whether they had assumed and agreed to pay the mortgage debt at the time they purchased the property. From the evidence, the trial court in that action found that they had so agreed, and entered judgment against them in the sum of $4,542.08, together with an attorney's fee of four hundred dollars. That judgment was entered on February 15, 1934.

In due course, the property was advertised for sale by the sheriff of King county, and was on April 7, 1934, sold by him to respondent for fifteen hundred dollars,

[1]Reported in 42 P. (2d) 788.

subject to the unpaid taxes then amounting to about one thousand dollars, leaving a deficiency of about thirty-five hundred dollars, for which approximate sum judgment was entered against appellants Beeler, on February 15, 1934. Within the ten day period allowed by statute, appellants Beeler filed their objections to the confirmation of the sale. On June 14, 1934, the matter was heard by the court below, both on oral testimony and on affidavits.

At the conclusion of the hearing, the trial judge, among other things, in substance, said: That the sale was not competitive; the object of the law is that, by providing a competitive sale, the mortgagor or landowner will get the fair value of his lots; that sometimes the fair value may be the market value, which is higher, but is never less than the real value; that the object of competition, bidding up, is that the owner or mortgagor may get the fair real value of his lots; that the court's discretion must intervene, in some cases, and supply the element which is lacking to secure to the land owner the fair value on the sale which an emergency has prevented; that there is no market value if the property is sold on execution without competitive bidding; and it is for a court of equity to say what is just, because judicial sales must be just and fair to both sides.

The trial judge had been requested by counsel for both sides to make a personal inspection of the property, which in his oral pronouncement he said he had made, spending not less than forty-five minutes on the property, taking accurate measurements and very carefully viewing it and the surroundings. From all of the oral and other evidence in the case, he concluded that the present fair market value of the property could not be more than thirty-three and one-third cents

per square foot, or three thousand dollars, and required respondent to consent that an additional sum of five hundred dollars be credited upon the judgment, which was done, thereby reducing the deficiency judgment to about three thousand dollars.

The sole assignment of error is that it was error not to require respondent to satisfy the judgment in full and in rendering a deficiency judgment against appellants Beeler.

The evidence as to value took a wide range, varying from $2,250 to nine thousand dollars. The testimony of experts as to values of real estate usually varies considerably, and as to which there was, of course, nothing more than a difference of opinion. *Baker Investment Co. v. Pierce County,* 175 Wash. 669, 27 P. (2d) 1092.

The trial judge, long experienced in all kinds of legal business and litigation in King county, doubtless was acquainted with all of the witnesses who testified, either orally or by affidavit, as to values, and was better able to judge of the credibility and trustworthiness of their evidence than are we. Further, the trial judge, because, as he said, of the personnel involved in this matter, made an unusually careful inspection of the property, and was thereby better enabled to judge impartially of the value of the property than some of the witnesses, or the interested parties.

It would not be useful to make a detailed analysis of the evidence, or an extended review of the cases relied upon by appellants.

The general rule is that confirmation of judicial sales rests largely within the judicial discretion of the court, not reviewable except in a plain case of an abuse. 42 C. J. 220; *Mellen v. Edwards,* 179 Wash. 272, 37 P. (2d) 203.

The parties agree that this is the principle to be followed here, but appellants contend, as was contended in the *Mellen* case, *supra,* that the trial judge in this case abused his discretion. On the contrary, we consider that the trial judge exercised the utmost care and discretion in determining the matter. He required the sale bid to be increased by five hundred dollars to about three thousand dollars before he would confirm the sale. The increased bid was consented to by respondent, and the bid was accordingly increased. Every such case stands principally upon its own footing.

Since we cannot conclude that the trial judge abused his discretion in the matter, we are bound not to disturb his action.

For the foregoing reasons, the order is affirmed.

MILLARD, C. J., STEINERT, BLAKE, and MAIN, JJ., concur.