[No. 25984.   Department Two.   April 20, 1936.]

WASHINGTON MUTUAL SAVINGS BANK, *Appellant*, v.
CHARLES HORN *et al.*, *Respondents.*[1]

*Tanner & Garvin,* for appellant.

*Burkheimer & Burkheimer,* for respondents.

MAIN, J.—This is an appeal from an order of the superior court refusing to confirm a sale of real estate after a mortgage foreclosure, unless the plaintiff would increase its bid in the sum of three hundred dollars and then satisfy the judgment.

The appellant, Washington Mutual Savings Bank, October 15, 1930, loaned to the respondents Charles Horn and wife the sum of $7,500. This indebtedness was evidenced by a promissory note secured by a mortgage upon residential property in the city of Seattle. After the loan had been completed, Mr. and Mrs. Horn sold and conveyed the property to J. E. Dootson and wife, subject to the mortgage.

[1]Reported in 56 P. (2d) 995.

February 20, 1935, the mortgage being then in default in certain particulars, an action to foreclose was instituted, praying for a judgment in the sum of $7,820.65, with interest, and for the foreclosure of the real estate mortgage. Mr. and Mrs. Dootson claimed homestead rights in the property during the period of redemption. Judgment of foreclosure was entered, which contained a provision that Mr. and Mrs. Dootson should have the right to the use and occupancy of the premises as a homestead during the period of redemption, by reason of the declaration of homestead which they had previously recorded. A personal judgment was entered against Mr. and Mrs. Horn in the sum of one thousand dollars.

August 17, 1935, the sheriff sold the property, and the appellant bid therefor the sum of $7,658.57. Mr. and Mrs. Horn paid the deficiency, and the judgment was satisfied. Mr. and Mrs. Horn filed objections to the confirmation of the sale, and upon a hearing the order was entered, as above indicated, requiring the appellant to increase its bid three hundred dollars, and, if it refused to do so, the court would set aside the sale and order a resale of the property. It is from this order that the appeal is prosecuted.

■ It is contended that the bid made by the appellant at the sheriff's sale was inadequate, and this involves an inquiry as to the circumstances under which the court may set aside such a sale. The superior court has the power, in the exercise of its discretion, to refuse to confirm a sale when the facts justify such action. The mere inadequacy of the price bid at the sale is not sufficient to authorize the trial court to refuse to give its approval. If there are other things in addition to inadequacy of price, the court may refuse to confirm. General conditions resulting from the economic situation which has prevailed for the

past few years is not a sufficient fact or circumstance, in addition to inadequacy of price, to justify a refusal to confirm.

In the case of *Mellen v. Edwards,* 179 Wash. 272, 37 P. (2d) 203, after a thorough consideration of the question and a review of the authorities, it was said:

". . . and yet these authorities, as we read them, firmly lay down the rule that a court of equity has the inherent power, and it is within its discretion, to act as did the trial court in making the order from which this appeal is taken when the facts justify such action.

"With that principle we are in hearty accord, and therefore the present question resolves itself into this: Did the trial court abuse his discretion?

"Having in mind the general rule that mere inadequacy of price is not sufficient to avoid a judicial sale, to which rule this court has given its approval, *Johnson v. Johnson,* 66 Wash. 113, 119 Pac. 22, and not intending or desiring to change that rule, can we say that there are here other things, even though slight, which, added to the inadequacy of price, warrant the action taken? We feel that we cannot. The other things as shown by the record are not things for which the appellant is responsible. They exist in a sense, it is true, but they are the result of general conditions, and it does not here appear that the appellant has taken advantage of them to further his own interests."

In the case now before us, assuming for the moment that there was inadequacy of price, there is nothing else except the general conditions which caused a reduction in the value after the property was purchased by Mr. and Mrs. Dootson and prior to the sheriff's sale. As we view the matter, the price bid was not inadequate. The appellant would not come into the beneficial use of the property during the period of redemption, and, when the carrying charges for this period are added to the amount bid, it amounts to a

sum very close to the average value placed upon the property by the respondents' expert witnesses. When the carrying charges are added to the average sum placed as the value of the property by the appellant's expert witnesses, it considerably exceeds the amount of the bid.

Whichever view may be taken, the result is the same. If the bid was inadequate, there is no other fact accompanying it which justified the refusal of the court to confirm. On the other hand, when the evidence is considered together with the carrying charge, there was no inadequacy in the amount of the bid.

The case of *Davis Estate, Inc., v. Rochelle*, 181 Wash. 81, 42 P. (2d) 788, is entirely different. There, upon objections being filed to the confirmation, the court directed that the plaintiff increase its bid in the sum of five hundred dollars, which it did. The defendant, claiming that the increase was not enough and that it should be in an amount sufficient to cover the entire indebtedness, appealed from the order. There, the question was whether the increase measured the value of the property after the court had refused to confirm the sale and required an additional sum of five hundred dollars on the part of the plaintiff, which it accepted. The question of the right and power of the superior court to refuse to confirm a judicial sale was not involved in that case.

The order will be reversed, and the cause remanded with direction to the superior court to enter a judgment confirming the sale.

MILLARD, C. J., HOLCOMB, BEALS, and STEINERT, JJ., concur.