[No. 26546. Department Two. June 28, 1937.]

NORTHERN SAVINGS & LOAN ASSOCIATION, *Appellant*, v.
W. A. TAYLOR *et al., Respondents.*[1]

*Patterson & Patterson,* for appellant.

HOLCOMB, J.—This appeal is from an order refusing
to confirm a sheriff's sale of real estate held pursuant
to a decree of foreclosure of two mortgages foreclosed
in a single judgment, both executed by the same
parties, covering the same property, rendered in the
superior court for Cowlitz county, on the sole ground
that the price bid was inadequate.

The amount adjudged to be due to the mortgagee
upon the notes and mortgages was $46,535.20, besides
attorney's fees and costs. The judgment runs against
respondents as individuals and as the marital com-
munity. Judgment for any deficiency, after applying
the proceeds of the sale, was awarded.

In due time, appellant caused execution to be issued
upon the judgment and delivered to the sheriff of

[1]Reported in 69 P. (2d) 810.

Cowlitz county, who proceeded to give notice of sale and, on April 4, 1936, held the sale and struck off the property to appellant, who was the only bidder, at $35,000. At that time, the amount owing on the judgment was $50,558.09, against which respondents were entitled to a credit, by reason of the net rents collected by appellant upon the property from April 1, 1935, to April 30, 1936, of $1,736.88, possession having been delivered to appellant in return for a certain concession prior to the entry of the decree.

Respondent husband, only, filed written objections to the confirmation of the sale, and the same was heard by the court upon oral testimony.

The court found no irregularity in the conduct of the sale, and the sole basis assigned by it for refusing to confirm the sale was that, in the opinion of the court, the property was worth $45,000, and a bid of $35,000 was too low. In the order appealed from, the court directed that, if appellant would increase its bid to $45,000, the sale would be confirmed, otherwise confirmation would be denied and a resale had.

The mortgaged property consists of a three-story and basement brick veneer apartment building, that is, brick outside walls and wood interior walls, situated two blocks from the Monticello hotel and seven blocks from the business section in Longview, Washington.

According to respondents' testimony, the building cost $46,000 in 1928, and, in addition, the lot cost $7,100. They claim to have spent $5,000 for shrubbery, refrigerating system, etc.

We have no brief nor appearance here on behalf of respondents.

The trial judge relied upon our decision in *Mellen v. Edwards*, 179 Wash. 272, 37 P. (2d) 203, saying:

" . . . that where it 'appears that the creditor has taken a selfish and unfair advantage of the situation (the economic depression) to such an extent as to shock the conscience of the chancellor' and the creditor is attempting to 'enrich himself at the expense of the' debtor, it is the duty of the court to set aside such sales. A bid of $35,000 on property fairly worth $45,000 must fall within Mellen v. Edwards, *supra*."

The trial judge misconstrued the decision in that case. It was there held that, in the absence of facts invoking the power of a court of equity to exercise its discretion to prevent unconscionable action, mere inadequacy of price bid at a mortgage foreclosure sale is not a "substantial irregularity . . . to the probable loss or injury of a party," within Rem. Rev. Stat., § 591 [P. C. § 7908], authorizing the court to refuse confirmation of the sale; and the fact of an economic depression is not alone sufficient, where the creditor did not take an unfair advantage and a substantial price was received, not disproportionate to the present value of the property.

We there reaffirmed the rule that had been announced in *Johnson v. Johnson*, 66 Wash. 113, 119 Pac. 22, to the effect that mere inadequacy of price is not sufficient to avoid a judicial sale.

Respondent husband testified as a witness and also qualified as an expert on real estate values in Longview, and with commendable candor unusual in such an interested party witness, admitted that the property could not now be sold for cash for $35,000, because there is no sale for that class of property at the present time.

In *Washington Mutual Sav. Bank v. Horn*, 186 Wash. 75, 56 P. (2d) 995, we reaffirmed the principle announced theretofore that:

"The mere inadequacy of the price bid at the sale is not sufficient to authorize the trial court to refuse to

give its approval. If there are other things in addition to inadequacy of price, the court may refuse to confirm. General conditions resulting from the economic situation which has prevailed for the past few years is not a sufficient fact or circumstance, in addition to inadequacy of price, to justify a refusal to confirm."

It follows that, under our statute and the foregoing decisions, the judgment must be, and is, reversed.

STEINERT, C. J., BEALS, GERAGHTY, and ROBINSON, JJ., concur.