[No. 27706. Department Two. February 9, 1940.]

HOME OWNERS' LOAN CORPORATION, *Appellant,* v.
JAMES P. H. CALLAHAN *et al., Respondents.*[1]

[1]Reported in 98 P. (2d) 1077.

*Tom S. Patterson, L. B. Donley,* and *Russell F. Stark,* for appellant.

*Theo. B. Bruener,* for respondents.

BEALS, J.—December 2, 1938, a decree was entered in this action, in which action plaintiff, Home Owners' Loan Corporation, sought judgment against defendants Callahan on a promissory note, together with foreclosure of a mortgage executed by defendants as security therefor. By the decree, plaintiff was awarded judgment against the defendants for $6,031.42, together with interest and attorney's fees and some other items. The decree preserved to defendants their right of redemption and their right of homestead. Pursuant to a special execution issued and delivered to the sheriff, that officer advertised the property for sale, and January 14, 1939, the property was sold to the plaintiff, who was the only bidder, for the sum of $5,600, leaving a deficiency of $669.09. At the date of sale, the property was subject to unpaid taxes and assessments amounting to approximately six hundred dollars.

The judgment debtors filed written objections to confirmation of the sale, alleging that the bid which was accepted by the sheriff was unreasonably low and so grossly inadequate as to constitute a fraud on the rights of defendants. A hearing was had upon these objections and evidence submitted, both orally and by affidavit.

The trial court, after filing a memorandum opinion, entered an order denying confirmation of the sale and directing that the property be resold. From this order, plaintiff has appealed.

The order recites that the amount bid for the property by the plaintiff was wholly inadequate, for the reason that the actual value of the property at the time of sale was far in excess of the amount of plaintiff's

judgment and the amount bid by plaintiff. The order also recites that an appraiser employed by plaintiff

" . . . consulted the defendant, Callahan, as to the rental value, and said defendant fixed this value at $50.00 per month, which would make a total for the year of redemption $600.00; that this appears to the court as an attempt on the part of the plaintiff to deprive the defendants of the value of the right of possession during the period of redemption."

The evidence introduced on behalf of appellant is to the effect that the reasonable market value of the property at the time of the sale did not exceed the amount bid. Several witnesses, testifying on behalf of respondents, valued the property at from $7,800 to $8,500. From the record, it appears that, while the house should have a rental value of fifty dollars per month, it would probably be difficult to obtain a tenant who would pay that amount for it.

It is admitted that the notice of sale required by law was given, and no objection to the sale is urged save the alleged inadequacy of the price bid. Respondent James P. H. Callahan deposed that the purchase price of the property in 1928 was slightly over nine thousand dollars; that, immediately after purchasing the property, he expended four thousand dollars in improving the house and one thousand dollars in improving the yard, making an entire investment of approximately fourteen thousand dollars; and that thereafter he expended another thousand dollars in betterments. Mr. Callahan, after allowing for depreciation, and taking into consideration the decreased value of property, stated that, in his opinion, the house had a fair market value of $8,500, against which he charged the unpaid taxes and assessments in the sum of six hundred dollars, giving the property, in his opinion, a net value of $7,900.

■ Rem. Rev. Stat., § 591 [P. C. § 7908], provides for the confirmation of sales of real estate under judicial process, paragraph (2) thereof reading as follows:

"If such objections be filed the court shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion, it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting. In the latter case, the court shall disallow the motion and direct that the property be resold, in whole or in part, as the case may be as upon an execution received of that date."

The section of the statute quoted vests in the court, in the exercise of its authority to confirm sales of land under execution, a reasonable discretion, in the exercise of which the court may refuse to confirm a sale, if convinced that a contrary ruling would be unjust. *Mellen v. Edwards,* 179 Wash. 272, 37 P. (2d) 203.

In support of the order which is before us for review, respondents cite several decisions of this court. In some of these, sales were set aside because of the gross inadequacy of the price bid, coupled with some unfair practice which warranted judicial relief.

In the case of *Roger v. Whitham,* 56 Wash. 190, 105 Pac. 628, 134 Am. St. 1105, property of the approximate value of three thousand dollars was sold, in an action by a city to foreclose a sewer assessment, for $111.32, which amount the attorney representing the city personally bid for the property. It was held that the city attorney, a public officer, could not, with propriety, purchase the property at the sale. The owner of the property had had no notice of the proceeding, and at the time of filing an action to set the sale aside, tendered into court the amount bid, with interest.

In the case of *Triplett v. Bergman,* 82 Wash. 639, 144 Pac. 899, corporate stock which appeared to have a

very substantial value was purchased at an execution sale for $132.40. It appeared that the execution debtors had no notice of the sale, and when they attacked the same, they tendered into court the amount bid. From the opinion, it appears that this court was of the view that an unfair advantage had been taken, to the prejudice of the debtors.

In the case of *Lovejoy v. Americus,* 111 Wash. 571, 191 Pac. 790, property worth four thousand dollars was sold for $87.92. It appeared that the judgment creditor had taken some unfair advantage, and the sale was set aside, the debtor having tendered into court the amount of the bid.

In the case of *Jesseph v. Carroll,* 126 Wash. 661, 219 Pac. 429, this court, on appeal, affirmed an order confirming a sale in which property valued at from twelve to fifteen thousand dollars, subject to liens amounting to $3,600, was sold for $2,670. In holding that the order confirming the sale would not be set aside because of inadequacy of price, the property having been sold for approximately half its value, this court observed that, in passing upon objections to a sale, interposed on the ground of inadequacy of price, the matter was largely within the discretion of the trial court, and that on appeal only the question of abuse of discretion by the trial court would be considered. This language of the opinion is here strongly relied upon by respondents.

In the case of *Davis Estate v. Rochelle,* 181 Wash. 81, 42 P. (2d) 788, the trial court, as a condition precedent to the confirmation of a sale of real estate for fifteen hundred dollars, the trial court having found that the property was worth three thousand dollars, required the judgment creditor to raise his bid five hundred dollars. On appeal to this court by the judgment debtor, this court refused to require a further increase

in the bid. The judgment creditor did not appeal, accepting the ruling of the superior court.

Mr. Callahan valued his property at $7,900 net, while appellant's bid was in the amount of $5,600, or $2,300 less than respondent's personal opinion as to the value of his property.

The trial court, in the portion of the order refusing confirmation of the sale, stated that it seemed probable that appellant was endeavoring to deprive respondents of the value of their right to possession of the property during the year of redemption, Mr. Callahan having stated that, in his opinion, the rental value of the property should be fifty dollars per month. It might be urged with equal force that appellant took into consideration the accrued taxes and assessments, which also amounted to approximately six hundred dollars.

Appellant cites several of our decisions in support of its contention that the order appealed from should be reversed.

In the early case of *Johnson v. Johnson,* 66 Wash. 113, 119 Pac. 22, this court, speaking through Judge Dunbar, reversed a judgment of the superior court in favor of the plaintiff in an action to set aside an execution sale. It appeared that property estimated as worth from one thousand to seventeen hundred dollars had been bid in for $195.50. On the question of value, this court said:

"But while the amount bid was disproportionate, it is the general rule that inadequacy of price alone will not justify the setting aside of a judgment sale unless the disparity is so gross as to shock the conscience, and particularly where the estate is sold at public auction on legal notice and where no fiduciary relation exists."

In the case of *Mellen v. Edwards,* 179 Wash. 272, 37 P. (2d) 203, this court reversed an order refusing confirmation of a sheriff's sale. A mortgage on real estate

was foreclosed, the decree awarding judgment for approximately seventeen hundred dollars. At sheriff's sale, the property was struck off to the judgment creditor on his bid of $950. Objections to confirmation having been filed, the court held that the sum bid was unfair, inequitable, and grossly inadequate, and that any sale for less than the amount of the decree would be inequitable and grossly inadequate. Confirmation was therefore refused. It was not contended that any irregularities had occurred in the manner of conducting the sale. This court stated the question to be determined, in the following language:

"Shall a foreclosure sale, in all respects regularly conducted according to law, be set aside because the full value of the property has not been realized; or, stated a little differently, can this court say, under the facts here shown, that the sum of $950 is so grossly inadequate as to warrant a court of equity in refusing confirmation? There is, perhaps, also another question involved, and that is whether, in any event, the trial court was justified in naming a minimum or upset price fixed at the amount specified in the decree of foreclosure, as was done in the order appealed from."

After careful consideration and discussion of many authorities from other jurisdictions, it was held that the trial court had erred, first, in attempting to fix an upset price on resale of the property, and second, in refusing to confirm the sale for the amount bid.

In the case of *Blair v. Hewitt,* 185 Wash. 430, 55 P. (2d) 607, an order confirming the sale of personal property was by this court affirmed. This court stated that mere inadequacy of price is not sufficient to justify the vacation of a judicial sale, continuing:

"If the amount bid is fair under the circumstances, and there is no reasonable probability that a greater amount could be obtained on a resale, the sale should be confirmed."

Attention was called to the fact that the record contained no intimation that a greater amount would be bid, if a resale were ordered.

In the case of *Washington Mutual Sav. Bank v. Horn,* 186 Wash. 75, 56 P. (2d) 995, the judgment creditor appealed from an order refusing confirmation of a sheriff's sale. The successors in interest of the judgment debtors were entitled to the use and occupancy of the premises as a homestead during the redemption period. Upon a hearing upon objections to the confirmation of the sale, the trial court entered an order requiring the judgment creditor to increase its bid three hundred dollars, under penalty of having the sale set aside and a resale ordered. This court, while stating that the superior court has the power, in the exercise of its discretion, to refuse to confirm a sale, when the facts justify such action, also stated:

"The mere inadequacy of the price bid at the sale is not sufficient to authorize the trial court to refuse to give its approval. If there are other things in addition to inadequacy of price, the court may refuse to confirm. General conditions resulting from the economic situation which has prevailed for the past few years is not a sufficient fact or circumstance, in addition to inadequacy of price, to justify a refusal to confirm."

The order appealed from was reversed and the cause remanded, with directions to confirm the sale.

In the case of *Northern Savings & Loan Ass'n v. Taylor,* 190 Wash. 535, 69 P. (2d) 810, the judgment creditor appealed from an order refusing confirmation of the sale of mortgaged property. At the time of the sale, there was due on the judgment over $48,000. At the sale, the judgment creditor bid $35,000. On objection to confirmation, the court found no irregularity in the conduct of the sale, but refused confirmation upon the ground that the property was worth $45,000, the court ruling that, if the creditor would increase

his bid to that amount, the sale would be confirmed; otherwise, a resale would be ordered. This court reversed the order refusing to confirm the sale. In the course of the opinion, this court said:

"The trial judge relied upon our decision in *Mellen v. Edwards,* 179 Wash. 272, 37 P. (2d) 203, saying:

" ' . . . that where it "appears that the creditor has taken a selfish and unfair advantage of the situation (the economic depression) to such an extent as to shock the conscience of the chancellor" and the creditor is attempting to "enrich himself at the expense of the" debtor, it is the duty of the court to set aside such sales. A bid of $35,000 on property fairly worth $45,000 must fall within *Mellen v. Edwards, supra.*'

"The trial judge misconstrued the decision in that case. It was there held that, in the absence of facts invoking the power of a court of equity to exercise its discretion to prevent unconscionable action, mere inadequacy of price bid at a mortgage foreclosure sale is not a 'substantial irregularity . . . to the probable loss or injury of a party,' within Rem. Rev. Stat., § 591 [P. C. § 7908], authorizing the court to refuse confirmation of the sale; and the fact of an economic depression is not alone sufficient, where the creditor did not take an unfair advantage and a substantial price was received, not disproportionate to the present value of the property.

"We there reaffirmed the rule that had been announced in *Johnson v. Johnson,* 66 Wash. 113, 119 Pac. 22, to the effect that mere inadequacy of price is not sufficient to avoid a judicial sale."

In the case of *Puett v. Bernhard,* 191 Wash. 557, 71 P. (2d) 406, there were involved questions concerning the sale of personal property on execution. This court reaffirmed the rule that mere inadequacy of price is not sufficient to justify the setting aside of a judicial sale. We also called attention to the fact that, during the trial, the judgment debtor was afforded an opportunity to obtain his property by paying the judg-

ment and a sum equal to the cost of repairs, and that appellant made no attempt to avail himself of this offer. As, in the case at bar, real estate is involved, respondents had the right to redeem their property by paying the amount bid, together with repayment of other disbursements which the judgment creditor may be entitled to receive.

The trial court did not base the order refusing confirmation of the sale upon the ground that there was reasonable probability that a higher price could be obtained at a resale; indeed, the record affords no ground for such a holding.

We are convinced that the trial court erred in refusing to confirm the sale. The amount bid is almost five-sevenths of the highest estimate of the value of the property. Our decisions hereinabove referred to afford no basis for the court's refusal to enter an order of confirmation; and while, as we have stated, the court has a wide discretion in passing upon such matters, the order appealed from transcends such discretion.

The order appealed from is reversed, with instructions to the trial court to enter an order confirming the sale.

BLAKE, C. J., STEINERT, GERAGHTY, and JEFFERS, JJ., concur.