IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Loan Trust 2006-4,<br><br>            Respondent,<br><br>    v.<br><br>JOHN E. ERICKSON and SHELLEY A. ERICKSON, individuals residing in Washington,<br><br>            Appellants,<br><br>BOEING EMPLOYEES' CREDIT UNION, a Washington corporation; AMERICAN GENERAL FINANCIAL SERVICES, INC., a Delaware corporation; TBF FINANCIAL, LLC, an Illinois limited-liability corporation; JUSTIN. PARK & ROMERO PARK & WIGGINS, PS, a Washington professional services corporation; RANDAL EBBERSON, an individual residing in Washington; THE LAW FIRM OF KEATING BUCKLIN & MCCORMICK, INC, PS, a Washington professional services corporation; CITY OF AUBURN, WASHINGTON, a Washington municipality; CHARLES JOINER, an individual residing in Washington; PAUL KRAUSS, an individual residing in Washington; DAN HEID, an individual residing in Washington; SHELLEY COLEMAN, an individual residing in Washington; BRENDA HEINEMAN, an individual | No. 87457-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

residing in Washington; and THE WASHINGTON CITIES INSURANCE AUTHORITY, a municipal organization of Washington public entities,

Defendants.

COBURN, J. — This is the fifth appeal before this court arising from John and Shelley Erickson's 2009 default on their mortgage. Deutsche Bank National Trust Company (Deutsche Bank), via its corporate assignee, executed on the foreclosure judgment and purchased the property at a sheriff's sale. This court remanded solely for the trial court to consider whether Deutsche Bank's miscalculation of the judgment amount required a new sale. On remand, the trial court entered findings of fact and conclusions of law and confirmed the sale. Finding no error, we affirm.

FACTS

The background facts and procedural history of this lengthy dispute are set forth in detail in prior appeals and we repeat them only as relevant here.[1]

John and Shelley Erickson purchased a house in 2006 with a loan from Long Beach Mortgage Company (Long Beach). Shortly after executing the loan, Long Beach sold it into Long Beach Mortgage Loan Trust 2006-4, with Deutsche Bank as trustee. Long Beach was part of Washington Mutual Inc. ("WaMu"), and when WaMu failed, JP Morgan Chase Bank purchased its assets and eventually assigned its beneficial interest under the deed of trust to Deutsche Bank.

The Ericksons defaulted on their payments in 2009. In 2010, the Ericksons filed suit against Deutsche Bank arguing it lacked standing to enforce the note because it

---

[1] We adopt the facts as set forth in Deutsche Bank Nat'l Trust Co. v. Erickson, No. 85006-7-I, slip op. (Wash. Ct. App. November 13, 2023) (unpublished) (Erickson V), http://www.courts.wa.gov/opinions/pdf/850067.pdf.

2

was not the original creditor and could not produce the original note. After removal to federal court, the court held that the defendants produced sufficient evidence to prove their ownership of the 2006 note and dismissed the case. See Erickson v. Long Beach Mortg. Co., No. 10-1423 MJP, 2011 WL 830727 at *3 (W.D. Wash. Mar. 2, 2011) (court order) (Erickson I), aff'd, 473 Fed. App'x. 746 (9th Cir. 2012).

In 2014, Deutsche Bank filed suit seeking to foreclose on the Ericksons' property. In August 2015, the trial court entered a judgment and decree of foreclosure against the Ericksons. On appeal, this court concluded that collateral estoppel prevented the Ericksons from arguing that Deutsche Bank does not hold the note. See Deutsche Bank Nat. Tr. Co. v. Erickson, No. 73833-0-I, slip op. at 4-7 (Wash. Ct. App. Feb. 13, 2017) (unpublished) (Erickson II), http://www.courts.wa.gov/opinions/pdf/738330.pdf. The Ericksons then sought to vacate the 2015 judgment on the ground that Deutsche Bank could not foreclose because it did not hold the note. The trial court dismissed the claim and this court affirmed. See Erickson v. Deutsche Bank Nat'l Tr. Co., No. 81648-9-I, slip op. at 1 (Wash. Ct. App. Nov. 29, 2021) (unpublished) (Erickson III), http://www.courts.wa.gov/opinions/pdf/816489.pdf. The Ericksons then sued Deutsche Bank's attorneys, claiming they perpetrated fraud on the court because Deutsche Bank did not hold the note. The trial court dismissed the case and this court affirmed. See Erickson v. Power, No. 82755-3-I, slip. op. at 1 (Wash. Ct. App. April 25, 2022) (unpublished) (Erickson IV), http://www.courts.wa.gov/opinions/pdf/827553.pdf.

A sheriff's sale of the property was held on October 14, 2022. Deutsche Bank purchased the property via a corporate assignee under a credit bid in the amount of $1,146,435.80. According to the sheriff's return on sale of real property, the sale

resulted in a substantial deficiency. Over the Ericksons' objection, the trial court confirmed the sale. On appeal, the Ericksons assigned error to the order confirming sale because Deutsche Bank miscalculated the amount required to exercise their right to redeem. Deutsche Bank admitted that it had erroneously overestimated the amount of prejudgment interest owed. Deutsche Bank sought to correct the error by filing an amended "Notice of Expiration of Redemption Period" in superior court that reflected a reduced redemption amount, but it was filed only six weeks before the one-year redemption period expired. Accordingly, this court remanded to the trial court to enter findings of fact and conclusions of law as to "whether the miscalculation amounted to a 'substantial irregularit[y]' that resulted in 'probable loss or injury' to the Ericksons." Deutsche Bank Nat'l Trust Co. v. Erickson, No. 85006-7-I, slip op. at 8 (Wash. Ct. App. Nov. 13, 2023) (unpublished) (Erickson V), http://www.courts.wa.gov/opinions/pdf/850067.pdf (alteration in original). We specifically directed the court to consider:

> (1) the basis and amount of the miscalculation, (2) whether the amended notice cured the error, and (3) whether a new sale is required on the ground that the miscalculation amounted to a "substantial irregularit[y] in the proceedings concerning the sale, to the probable loss or injury of the party objecting." RCW 6.21.110(3).

Erickson V, slip op. at 8-9 (alteration in original).

Deutsche Bank moved to confirm the trustee's sale on remand, arguing that the credit bid miscalculation was harmless error that had no impact on the trustee's sale. Deutsche Bank explained that the judgment indicated the correct interest total on pages two and three. But although page two correctly stated that interest was calculated through July 12, 2015, page three mistakenly stated that interest was calculated through

November 18, 2013. Deutsche Bank then relied on the mistaken date in preparing its potential credit bid for the trustee's sale, resulting in an overestimation of prejudgment interest in the amount of $141,712.13 and a total judgment in the amount of $1,556,859.25. Deutsche Bank argued that it cured the error by sending the Ericksons an amended redemption notice within the statutory redemption period that included a credit for the miscalculation and quoted a redemption amount of only $1,137,528.48, substantially less than the amount owed in the judgment.[2] Deutsche Bank emphasized that the Ericksons never indicated their intent to redeem the property for any amount.

At a status conference on August 16, 2024, the trial court told the parties that the "limited reason" for the remand is "for the trial court to make a determination as to whether the irregularity requires a new sale." The Ericksons insisted that the trial court needed to address their subject matter jurisdiction challenge before issuing any other rulings. The trial court stated that "subject matter jurisdiction is not an issue on remand" and ordered the parties "to limit their motions to the issues specifically set forth by the Court of Appeals."

A remand hearing took place on September 13, 2024. The Ericksons alleged numerous procedural irregularities, argued that Deutsche Bank is not the holder of the judgment, and asked the court to rule on their motions to modify the judgment and order a new sale. Deutsche Bank argued that the Ericksons did not establish a legitimate basis for a new sale and that their claims pertaining to Deutsche Bank's entitlement to foreclose were irrelevant to the narrow issue on remand.

Following the hearing, the trial court entered findings of fact and conclusions of

---

[2] The amended redemption notice corrected a scrivener's error in the total amount necessary to redeem the property.

law and confirmed the trustee's sale. The trial court found that the redemption notices accurately reflected the credit bid amount and that the total calculation included a courtesy credit for the credit bid miscalculation. The court further found that the Ericksons were never quoted a redemption amount greater than the total owed under the judgment and that they never tendered any amount to the sheriff's office to redeem the property. The court thus concluded that the redemption notices cured the credit bid miscalculation and that the miscalculation was not a "substantial irregularity" and did not result in probable loss or injury to the Ericksons. The trial court denied the Ericksons' motion for reconsideration.

The Ericksons appeal.

## DISCUSSION

Preliminarily, we observe that a pro se litigant is bound by the same rules of procedure and substantive law as a licensed attorney. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). "The scope of a given appeal is determined by the notice of appeal, the assignments of error, and the substantive argumentation of the parties." Clark County v. W. Wash. Growth Mgmt. Hr'gs Rev. Bd., 177 Wn.2d 136, 144, 298 P.3d 704 (2013) (citing RAP 5.3(a), 10.3(a), (g), 12.1). We will review only a claimed error that is "included in an assignment of error or clearly disclosed in the associated issue pertaining thereto." RAP 10.3(g). Further, we need not consider arguments that are not supported by references to the record, meaningful analysis, or citation to pertinent authority. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

<u>Confirmation of Trustee's Sale on Remand</u>

RCW 6.21.110 governs confirmation of a purchase at a judicial sale. The sheriff's sale must be confirmed unless "there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting." RCW 6.21.110(3). Confirmation of judicial sales rests largely within the discretion of the trial court and so is reviewed for abuse of such discretion.[3] <u>Sixty-01 Ass'n of Apt. Owners v. Parsons</u>, 181 Wn.2d 316, 322, 335 P.3d 933 (2014). A trial court abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." <u>State ex rel. Carroll v. Junker</u>, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The Ericksons argue that the judgment was void and procured by fraud because Deutsche Bank does not hold the note or legally exist. They contend that the trial court failed to establish standing and subject matter jurisdiction and that the trial court violated their due process rights by refusing to allow them to argue their theory of the case. Deutsche Bank argues that the trial court properly rejected the Ericksons' challenges to

---

[3] Though the <u>Parsons</u> court used the term "manifest abuse of such discretion," as does its cited authority <u>Williams v. Cont'l Sec. Corp.</u>, 22 Wn.2d 1, 17, 153 P.2d 847, 855 (1944), the court's reliance on authority traces back to three cases, none of which uses the term "manifest." <u>See</u> <u>Williams</u>, 22 Wn.2d at 17 (citing <u>Mellen v. Edwards</u>, 179 Wash. 272, 37 P.2d 203 (1934); <u>John Davis Estate, Inc., v. Rochelle</u>, 181 Wash. 81, 42 P.2d 788 (1935); <u>Home Owners' Loan Corp. v. Callahan</u>, 2 Wn.2d 604, 98 P.2d 1077 (1940)). But it is well settled that "[a] trial court abuses its discretion only when its decision is manifestly unreasonable or based upon untenable grounds or reasons," and that "[a] trial court's decision is manifestly unreasonable if it adopts a view that no reasonable person would take." <u>Salas v. Hi-Tech Erectors</u>, 168 Wn.2d 664, 668-69, 230 P.3d 583, 585 (2010) (internal citations omitted). We think it is best practice to define the meaning of "abuse of discretion" rather than using the term "manifest abuse of discretion" as shorthand.

its authority to foreclose because they were outside the scope of remand. We agree with Deutsche Bank.[4]

"[T]he trial court cannot ignore the appellate court's specific holdings and directions on remand." Bank of America, N.A. v. Owens, 177 Wn. App. 181, 189, 311 P.3d 594 (2013). We review the trial court's compliance with the mandate for an abuse of discretion. Kruger-Willis v. Hoffenburg, 198 Wn. App. 408, 414, 393 P.3d 844 (2017). A court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds. Breckenridge v. Valley Gen. Hosp., 150 Wn.2d 197, 203-04, 75 P.3d 944 (2003).

The Ericksons did not assign error to any of the trial court's findings of fact in their appellate brief. Unchallenged findings are verities on appeal. In re Marriage of Laidlaw, 2 Wn. App. 2d 381, 386, 409 P.3d 1184 (2018). And they largely failed to address the facts and law relevant to the narrow issue on remand: "whether the miscalculation amounted to a 'substantial irregularit[y]' that resulted in 'probable loss or injury' to the Ericksons." Erickson V at 8 (alteration in original). Instead, they reiterated their challenges to Deutsche Bank's standing to foreclose and the court's jurisdiction. But a "remand is not an invitation to the parties to litigate new issues outside the scope" of the appellate court's ruling. State v. Arlene's Flowers, Inc., 193 Wn.2d 469, 500, 441 P.3d 1203 (2019). These arguments are outside the scope of remand, so the trial court

---

[4] Deutsche Bank also argues that the Ericksons' arguments are barred by the law of the case doctrine and the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion). Both doctrines aim to prevent the same issues from being relitigated indefinitely and preserve the finality of judgments. See Spokane Rsch. & Def. Fund v. City of Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005). Even if the scope of the trial court's decision was not limited on remand, these doctrines would independently support the same result.

did not violate the Ericksons' due process rights or otherwise err by declining to consider them.[5]

It is true that "[a] judgment entered by a court lacking subject matter jurisdiction is void; and a party may challenge such judgment at any time." Angelo Prop. Co., LP v. Hafiz, 167 Wn. App. 789, 808, 274 P.3d 1075 (2012). But subject matter jurisdiction "refers to a court's ability to entertain a type of case, not to its authority to enter an order in a particular case. ... [I]f a court can hear a particular class of case, then it has subject matter jurisdiction." Buecking v. Buecking, 179 Wn.2d 438, 447-48, 316 P.3d 999 (2013); Article IV, Section 6 of the Washington Constitution expressly grants the superior courts original jurisdiction over cases involving "title or possession of real property." And a court's subject matter jurisdiction is not implicated by considerations of standing or the merits of a petitioner's claim. Trinity Universal Ins. Co. of Kansas v. Ohio Cas. Ins. Co., 176 Wn. App. 185, 199, 312 P.3d 976 (2013) ("a plaintiffs lack of standing is not a matter of subject matter jurisdiction."). "If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction." In re Estate of Reugh, 10 Wn. App. 2d 20, 48, 447 P.3d 544 (2019). The Ericksons' arguments regarding Deutsche Bank's authority to foreclose are not relevant to the question of subject matter jurisdiction. And the Ericksons have had ample opportunity to raise these claims throughout the lengthy history of this litigation.

---

[5] The only relevant arguments the Ericksons appear to make on appeal are that "the redemption fee was an excessive fee" and that the trial court should have "disallow[ed] the statements of counsel as evidence." But the Ericksons either did not develop these arguments or failed to cite any relevant evidence or authority, so we do not consider them further. See West v. Thurston County, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012) ("bald assertions lacking cited factual and legal support" will not be addressed on appeal).

Attorney Fees

Deutsche Bank and the Ericksons both argue that they are entitled to an award of attorney fees based on RAP 18.1(a) and the deed of trust. RAP 18.1(a) provides that a prevailing party may recover its reasonable appellate attorney fees and expenses if applicable law grants a party the right to recover these fees and expenses. We review de novo whether a statute authorizes attorney fees. Estep v. Hamilton, 148 Wn. App. 246, 259, 201 P.3d 331 (2008).

RCW 4.84.330 provides that "[i]n any action on a contract or lease ... where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees." "An award of attorney fees under RCW 4.84.330 is mandatory, with no discretion except as to the amount." Hawkins v. Diel, 166 Wn. App. 1, 10, 269 P.3d 1049 (2011). For RCW 4.84.330 to apply, the action must be "on a contract," the contract must contain a unilateral attorney fee or cost provision, and the party seeking fees must be a prevailing party in an action incurred to enforce the provisions of the contract. RCW 4.84.330; Wachovia SBA Lending v. Kraft, 138 Wn. App. 854, 859, 158 P.3d 1271 (2007).

The deed of trust provides in relevant part:

If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include … paying reasonable attorneys' fees …
    Any amounts disbursed by Lender under this paragraph … shall

10

become additional debt of Borrower secured by this Security Instrument.

The deed of trust named Long Beach as "Lender" and stated that Long Beach was the beneficiary under the deed of trust. And Deutsche Bank acquired Long Beach's beneficial interest in the deed of trust via assignment. See Carlile v. Harbour Homes, Inc., 147 Wn. App. 193, 208, 194 P.3d 280 (2008) (quoting Puget Sound Nat. Bank v. State Dep't of Revenue, 123 Wn.2d 284, 292, 868 P.2d 127 (1994) ("An assignee 'steps into the shoes of the assignor, and has all of the rights of the assignor.'"). An action is "on a contract if the action arose out of the contract and if the contract is central to the dispute." Seattle First Nat. Bank v. Wash. Ins. Guar. Ass'n, 116 Wn.2d 398, 413, 804 P.2d 1263 (1991). Deutsche Bank prevailed on the Ericksons' appeal of the trial court's order confirming sale, so Deutsche Bank is entitled to an award of reasonable attorney fees on appeal as the prevailing party subject to compliance with RAP 18.1(d).

We deny the Ericksons' request for an award of attorney fees on appeal. As pro se litigants, the Ericksons are not entitled to an award of attorney fees. Mitchell v. Wash. State Dep't of Corr., 164 Wn. App. 597, 608, 277 P.3d 670 (2011). Moreover, the Ericksons are not the prevailing party.

Deutsche Bank also requests an award of costs on appeal as the prevailing party under RAP 14.2. Generally, the party that substantially prevails on review will be awarded appellate costs. RAP 14.2. Deutsche Bank is the prevailing party in this appeal, so we award its costs incurred in defending this appeal.

CONCLUSION

We affirm.

_Colburn, J._

WE CONCUR:

_Chung, J._