[No. 8526-7-II.   Division Two.   June 1, 1987.]

*In the Matter of the Marriage of* PATRICIA A. DAVIES, *Appellant, and* ELLMONT DAVIES, *Respondent.*

*Stanley F. Horak,* for appellant.

*Richard J. Parker* and *Tamblyn & Bush,* for respondent Ellmont Davies.

*Arthur D. Curtis, Prosecuting Attorney,* and *Curtis G. Wyrick, Deputy,* for respondent Clark County.

ALEXANDER, J.—Patricia Davies (now Patricia Rushing) appeals the Clark County Superior Court's order requiring resale of real property under execution. We hold that the trial court did not err in ordering the resale and, thus, affirm.

The relevant facts are not in dispute. The marriage of Patricia and Ellmont Davies was dissolved on October 23, 1981. Pursuant to the decree of dissolution, Ellmont was awarded a lien of $17,183.63 against real property awarded to Patricia in the dissolution decree. The lien was to be fully paid within 2 years of the date of the decree.

In December 1983, the lien remained unpaid, and consequently, at the request of Ellmont Davies, the Superior court of Clark County issued a writ of execution. After notice to Patricia, a sheriff's sale of Patricia's real property was held, at which Ellmont made the highest bid of $1,000. Thereafter, Ellmont moved to confirm the sale.

Before the sheriff's sale was confirmed, Ellmont withdrew his bid as well as the motion to confirm, and he moved the trial court for an order permitting him to increase his bid or to set aside the sale. Ellmont claimed that he sought this relief because he learned that Patricia intended to exercise her redemption rights which would permit her to buy the property back for $1,000, and then discharge the deficiency in bankruptcy.

The trial court granted Ellmont's motion and ordered resale of the property. In the subsequent resale, Ellmont was again the highest bidder, this time with a bid of $30,000. This sale was confirmed by order of the trial court.

Patricia appeals from the order granting resale, contending that Ellmont, as a judgment creditor, had no standing

to object to the confirmation of the sheriff's sale at which he bid $1,000. She argues that only a judgment debtor may object to confirmation of a sheriff's sale, and that because she did not object, Ellmont is bound to his bid of $1,000. We disagree, holding that only the judgment creditor or purchaser has standing to move for confirmation of a bid at a sheriff's sale, and that before confirmation, the highest bidder may be permitted to withdraw his bid. Consequently, the trial court did not err in ordering a resale.

■ The court in *American Fed. Sav. & Loan Ass'n v. McCaffrey*, 107 Wn.2d 181, 184, 728 P.2d 155 (1986) recently addressed whether a sheriff's sale in an amount established by the trial court (upset price) must be confirmed by the trial court despite an objection by the purchaser or judgment creditor. The court indicated that pursuant to the statute relating to confirmation of execution sales, RCW 6.24.100, it is the *judgment creditor* or *successful purchaser* who moves for confirmation, rather than the judgment debtor. *American Fed. Sav. & Loan,* 107 Wn.2d at 190.[1] Thus, it concluded that the trial court's discretion in such cases is limited to (1) confirming the bid on the *purchaser's motion,* or (2) establishing an upset price. *American Fed. Sav. & Loan,* 107 Wn.2d at 190. The court stated:

> It seems clear that the statutory scheme does not contemplate that the judgment creditor can be forced to buy the mortgage property *at all,* and therefore clearly not at a price set by the court.

(Italics ours.) *American Fed. Sav. & Loan,* 107 Wn.2d at 190–91.[2] We adopt the reasoning of *American Fed. Sav. &*

---

[1]RCW 6.24.100(1) provides, in pertinent part:

"*The judgment creditor or successful purchaser* at the sheriff's sale at any time after twenty days have elapsed from the mailing of the notice of the filing of such return *shall be entitled, . . . to have an order confirming the sale,* unless the judgment debtor, . . . shall file with the clerk within twenty days after the mailing of the notice of the filing of such return, his objections thereto." (Italics ours.)

[2]Nevertheless, the court in *American Fed. Sav. & Loan* found that the judgment creditor or purchaser was bound by the trial court's upset price, because the

*Loan* that nothing in the confirmation statute, RCW 6.24-.100, authorizes the trial court to confirm a sale over the objection of the judgment creditor or purchaser. *See American Fed. Sav. & Loan,* 107 Wn.2d at 184.

Here, although Ellmont Davies moved the trial court to confirm his $1,000 bid, he withdrew the motion before confirmation. Consequently, Ellmont Davies cannot be forced to buy Patricia's property at the price he originally bid.

Although Patricia Rushing cites *In re Spokane Sav. Bank,* 198 Wash. 665, 89 P.2d 802 (1939) for the proposition that a trial court may enforce a judgment creditor's bid, the case does not support that position. The court in *In re Spokane Sav. Bank* noted that there was a wide difference between the court's power to enforce a sale before and after confirmation:

> A bid, though accepted by the commissioner conducting the sale, does not become a contract until reported to and confirmed by the court. . . . [A]s an offer it becomes binding upon the bidder *when accepted and confirmed by the court,* and may be enforced against him.

(Italics ours.) *In re Spokane Sav. Bank,* 198 Wash. at 672, quoting *Eakin v. Eakin,* 83 W. Va. 512, 98 S.E. 608 (1919).

Here, because the trial court never confirmed the first sheriff's sale, Ellmont Davies was not bound by his first bid. The trial court did not err in ordering resale and we, therefore, affirm its order.

REED, C.J., and PETRICH, J., concur.

---

judgment creditor or purchaser had acceded to the trial court's price by withdrawing funds from the court registry. *American Fed. Sav. & Loan,* 107 Wn.2d at 192–93. Here, there is no similar evidence.