# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SIXTY-01 ASSOCIATION OF )
APARTMENT OWNERS, a Washington )
non-profit corporation, )

    Respondent/Cross-Appellant, )

        v. )

VIRGINIA A. PARSONS and JOHN )
DOE PARSONS, wife and husband, )
or state registered domestic partners; )
JOHN DOE and JANE DOE, Unknown )
Occupants of the Subject Real Property; )
and also all other persons or parties )
unknown claiming any right, title, estate, )
lien, or interest in the real estate )
described in the Complaint herein, )

        Defendants, )

DANIEL PASHNIAK, )

    Appellant/Cross-Respondent. )

SIXTY-01 ASSOCIATION OF )
APARTMENT OWNERS, a Washington )
non-profit corporation, )

    Respondent/Cross-Appellant, )

        v. )

MARIA A. MALLARINO and JOHN )
DOE MALLARINO, wife and husband, )
or state registered domestic partners; )
JOHN DOE and JANE DOE, Unknown )
Occupants of the Subject Real Property; )
and also all other persons or parties )
unknown claiming any right, title, estate, )
lien, or interest in the real estate )
described in the Complaint herein, )

        Defendants, )

DANIEL PASHNIAK, )

    Appellant/Cross-Respondent. )

No. 69135-0-I
(consolidated with No. 69136-8-I)

DIVISION ONE

UNPUBLISHED OPINION

FILED: October 21, 2013

GROSSE, J. — A purchaser at a sheriff's sale acquires only the right, title, and interest that a debtor has at the time of the sale. Here, the two condominiums purchased at the sheriff's sale were each subject to deeds of trust previously recorded by Bank of America. Because the purchaser is deemed to have constructive notice of recorded deeds of trust, we affirm the trial court's decision confirming the sale of one condominium and reverse the trial court's decision vacating the sale of the other condominium.

## FACTS

On November 3, 2011, Sixty-01 Association of Apartment Owners was awarded separate default judgments against Virginia Parsons and Maria Mallarino for failure to pay their condominium assessments.[1] Third party deeds of trust encumbering the Parsons and Mallarino units were recorded in 2007 and 2006, respectively.[2] Separate orders of sale were issued January 13, 2012. Notice of the sheriff's sale was sent to all interested parties, including Bank of America (BOA), the beneficiary under the deeds of trust for both properties. Sixty-01 and BOA entered into separate stipulations and orders, on March 7, 2012 for the Parsons property, and on March 8, 2012 for the Mallarino property. Those stipulations declared that the judgment did not affect the bank's deed of trust interest and that the purchaser at the sheriff's sale took any interest in the condominiums subject to any valid interest of the bank.

The two condominium units were auctioned separately on Friday, March 9, 2012. Daniel Pashniak's bids of $16,200.00 and $35,400.00 for the Parsons and Mallarino units were accepted as the high bids. The judgment clerk received the returns on the

---

[1] Parsons owned Unit No. 10 and Mallarino owned Unit No. 493 at Sixty-01 Condominiums, 6439 139th Place N.E., Redmond, WA 98052.
[2] King County Recording No. 20070723000298 and No. 20060228003678.

2

sale of property and certificates of purchase of real estate on March 16, 2012. On the same day, the judgment clerk mailed the notices of return of the sheriff's sale on real property.

On March 22, 2012, Pashniak sent a notice of appearance and an objection to the confirmation of the sheriff's sale for the Parsons unit, claiming that the order of sale and complaint for judicial foreclosure was confusing as to whether the sheriff's sale rendered the property free of all other indebtedness. Sixty-01 moved to confirm the sale of the Parsons unit on June 6, 2012. The court confirmed the sale of the Parsons unit on June 20, 2012. Sixty-01 moved to confirm the Mallarino sale on June 14, 2012. Notice was sent to Pashniak and interested parties. Pashniak, acting pro se, did not file an objection to the Mallarino sale until April 9, 2012. Pashniak then hired counsel and filed a second objection to confirmation and moved to vacate the sheriff's sale on July 12, 2012. Judge Ronald Kessler vacated the sale on July 23, 2012.

In this consolidated appeal, Pashniak appeals from the confirmation of the sale of the Parsons unit. Sixty-01 appeals from the order vacating the sale of the Mallarino unit.

## ANALYSIS

Pashniak argues that he is entitled to withdraw his bid because the default judgments obtained against both Parsons and Mallarino stated that Sixty-01's lien was superior to any other lien, thus misleading him about the existence of properly recorded deeds of trust. He further argues that he was unaware of the last minute filing of the stipulations between BOA and Sixty-01 and thus was not privy to the knowledge that Sixty-01's judgments had no effect on the priority of the previously recorded deeds of trust until after the sheriff's sale.

The default judgment provided:

3

> [A]ll right, title, claim, lien, estate or interest of the Foreclosed Defendants, each and all of them, and of all persons claiming by, through, or under them, in and to the Property or any part thereof is inferior and subordinate to Plaintiff's lien and is hereby foreclosed.

BOA was not a named party to the underlying suit resulting in the foreclosure, and Pashniak does not claim that BOA's lien was extinguished by the statement in the order that Sixty-01's lien foreclosed all liens. In essence, Pashniak argues that the default judgment order excuses his failure to exercise due diligence and search the title before entering a bid at the sheriff's sale.

RCW 6.21.110 provides:

> (2) The judgment creditor or successful purchaser at the sheriff's sale is entitled to an order confirming the sale at any time after twenty days have elapsed from the mailing of the notice of the filing of the sheriff's return, on motion with notice given to all parties who have entered a written notice of appearance in the action and who have not had an order of default entered against them, unless the judgment debtor, or in case of the judgment debtor's death, the representative, or any nondefaulting party to whom notice was sent shall file objections to confirmation with the clerk within twenty days after the mailing of the notice of the filing of such return.

> (3) If objections to confirmation are filed, <u>the court shall nevertheless allow the order confirming the sale, unless on the hearing of the motion, it shall satisfactorily appear that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting.</u> In the latter case, the court shall disallow the motion and direct that the property be resold, in whole or in part, as the case may be, as upon an execution received as of that date.[3]

Under the statute, it is clear that even when there are objections to the sale, unless there are irregularities in the proceedings concerning the sale, the trial court is required to confirm the sale. Pashniak cannot cite to any irregularity in the sheriff's sale. He was not entitled to withdraw the bid. The trial court correctly affirmed the sale of the Parsons unit.

---

[3] (Emphasis added.)

4

The trial court incorrectly exercised its equitable powers to set aside the sale of the Mallarino unit, on the grounds that the stipulation with BOA, filed in the clerk's office the day before the sale, would not be viewable in the electronic court record for 24 to 48 hours after filing, and thus Pashniak would not have had inquiry notice regarding BOA's lien.

But whether or not Pashniak had notice of the stipulation with BOA is of no consequence. Had Pashniak exercised due diligence, he would have discovered the duly recorded liens on both properties. Pashniak relies on <u>Davies v. Davies</u>,[4] to support his position that a purchaser can withdraw his bid any time prior to confirmation. In <u>Davies</u>, the judgment creditor and purchaser were one and the same. Davies withdrew his motion for confirmation and thus there was no sale. Statutorily, only a judgment creditor or successful purchaser has standing to move for confirmation.[5] Without confirmation there is no finality. Pashniak's argument fails because the statute says that either the judgment creditor or successful purchaser is "entitled to an order confirming the sale" where procedural safeguards have been met.[6] The statute does not entitle an investor to renege on a bid because of his failure to exercise due diligence.

Pashniak's reliance on <u>Miebach v. Colasurdo</u>[7] is equally misplaced. The facts there are markedly distinguishable. In <u>Miebach</u>, the court overturned a sheriff's sale because the judgment creditor bid $1,340.02 in full satisfaction of the default judgment. The property had equity over $77,000.00 and was only subject to a $29,000.00 senior

---

[4] 48 Wn. App. 29, 737 P.2d 721 (1987).
[5] <u>Davies</u>, 48 Wn. App. at 31 n.1; former RCW 6.24.100(1) (1987) (recodified as RCW 6.21.110(2)).
[6] RCW 6.21.110(2).
[7] 102 Wn.2d 170, 685 P.2d 1074 (1984).

lien.[8] Moreover, the evidence there showed that there was no attempt to collect the underlying debt. The issue here is not whether a judgment debtor received inadequate recompense for property, but whether a buyer/investor had constructive notice of the underlying deeds of trust.

Here, the facts are more similar to Mann v. Household Finance Corp. III.[9] Although Mann involved the purchase of property at a nonjudicial foreclosure sale of a second deed of trust, its reasoning is instructive. There, like here, purchaser Mann was unaware of the existence of the first deed of trust. When the first deed of trust subsequently foreclosed on the property, Mann contended that the language in the notice of trustee's sale was misleading. The language used was in the form set forth in the statute, "The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest . . . ."[10] That language is similar to the language used here. Pashniak, as a purchaser at a mortgage foreclosure sale, should not be relieved of his purchase simply because of his mistaken belief as to the title that he would receive where he failed to seek the information by examination or inquiry. A recorded deed constitutes constructive notice of the interest acquired to all subsequent purchasers.[11] RCW 6.21.110(3) provides that even where "objections to confirmation are filed, the court shall nevertheless allow the order confirming the sale, unless . . . there were substantial irregularities in the proceedings concerning the sale." Here, there were no irregularities. The trial court erred in vacating the sale of the

---

[8] Miebach, 102 Wn.2d at 173.
[9] 109 Wn. App. 387, 35 P.3d 1186 (2001).
[10] Mann, 109 Wn. App. at 392 (quoting RCW 61.24.040(1)(f)(VIII)).
[11] Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc., 168 Wn. App. 86, 106, 285 P.3d 70, review denied, 175 Wn.2d 1015 (2012); see also Tomlinson v. Clarke, 118 Wn.2d 498, 500, 825 P.2d 706 (1992) (recorded deed of trust imparts constructive notice of such real property interest).

Mallarino unit. There are no equitable considerations that could overturn a procedurally correct sheriff's sale.

Attorney Fees

A party may recover attorney fees only when authorized by a private agreement, statute, or recognized ground of equity.[12] Sixty-01 argues that it is entitled to attorney fees under RCW 64.34.364(14) and the recorded declaration of condominium, which provides for recovery of attorney fees in foreclosure actions. However, both of those apply to the condominium owners not a third party investor. Pashniak is not a party to that contract and thus Sixty-01 is not entitled to attorney fees.

In sum, because Pashniak had constructive notice of the deeds of trust recorded on both properties and with due diligence would have discovered the same; we hold that Sixty-01 was entitled to confirmation of the sheriff's sale for both properties.[13] Accordingly, we affirm the trial court's confirmation of sale of the Parson's unit, and reverse the trial court's vacation of the sale of the Mallarino unit.

WE CONCUR:

---

[12] Humphrey Indus., Ltd. v. Clay St. Assocs., LLC, 176 Wn.2d 662, 676, 295 P.3d 231 (2013).

[13] Sixty-01 also raises procedural appellate issues with regard to Pashniak's failure to file a separate appeal on the postjudgment motion even though Pashniak filed an amended notice of appeal. Because we resolve the substantive issues, we need not address the procedural issues raised; but note that any irregularity did not result in any prejudice to Pashniak.

7