# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HUY-YING CHEN and YUEH HUA CHEN, husband and wife,<br><br>Appellants,<br><br>v.<br><br>JP MORGAN CHASE BANK, as trustee, f/k/a THE CHASE MANHATTAN BANK, successor in interest to Chase Manhattan Bank, N.A.; THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION, f/k/a Bank of New York Trust Company, N.A., as successor to JP Morgan Chase Bank, N.A., as trustee for Residential Asset Mortgage Products, Inc., mortgage asset backed pass through certificates series 2005 RP3; PAUL D. SAVITSKY, as vice president of JP Morgan Chase Bank, N.A., f/k/a JP Morgan Chase Bank; STEVEN K. LINKON, attorney of Routh Crabtree Olsen; CHRISTOPHER LUHUS, attorney in Washington of McCarthy & Holthus, LLP; JOHN DOE #1, unknown parties,<br><br>Respondents. | No. 80484-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

APPELWICK, J. — Huy-Ying Chen, appearing pro se, appeals the trial court's denial of his motion to set aside the sheriff's sale and deed following a judicial foreclosure action on Chen's real property. Chen's claims lack merit. We affirm.

FACTS

In 1999, Huy-Ying Chen and Yueh Hua Chen (collectively Chen) borrowed $525,000 from Washington Mutual Bank to purchase a home located at 5112 189th Ave. N.E., Redmond WA 98052.[1] In 2006, JP Morgan Chase Bank (Chase), as successor to Washington Mutual Bank, initiated a judicial foreclosure action on the property. On March 19, 2007, Chen filed for bankruptcy. Chen subsequently removed the judicial foreclosure action to the bankruptcy court as an adversary proceeding. On November 29, 2007, the bankruptcy court granted Chase's motion for summary judgment, awarded Chase a judgment of $647,478.68, and ordered a foreclosure sale of the property in satisfaction of the debt. Chen appealed. On March 24, 2008, the federal district court denied Chen's motion to stay the sale pending his appeal, noting that Chen was unlikely to prevail on appeal and that the foreclosure sale of the home was "unavoidable." Chen's appeal was dismissed several months later.

On April 18, 2008, King County Superior Court received Chase's "Judgment Summary and Affidavit of Steven K. Linkon for Filing a Foreign Judgment."[2] Chase filed notice of the foreign judgment in King County Superior Court on May 22, 2008. On October 2, 2008, the King County Sheriff received Chase's writ for order of sale to foreclose on the property. On January 2, 2009, the pending sale was canceled after the parties reached a settlement.

On September 28, 2011, Chen, acting pro se, filed a lawsuit against Chase and its successor Bank of New York Mellon Trust Company (BONYMT) in King County Superior

---

[1] Yueh Hua Chen passed away after the judicial foreclosure was filed.
[2] King County Superior Court Case No. 08-2-13281-1 SEA.

Court asserting breach of the settlement agreement contract and violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, and the Consumer Protection Act, chapter 19.86 RCW.[3] The superior court dismissed the suit with prejudice.

On October 20, 2016, the King County Sheriff received a new order of sale to foreclose on Chen's property. On December 12, 2016, Chen, acting pro se, filed a "Motion to Dismiss a Wrongful Judicial Foreclosure." The superior court denied the motion and permitted the sheriff's sale to proceed in satisfaction of the judgment. The sheriff's sale took place on December 16, 2016. On January 12, 2017, Chen, represented by counsel, filed an objection to confirmation of the sale. On February 10, 2017, the superior court overruled Chen's objections to confirming the sale. In an unpublished opinion, this court affirmed the superior court's ruling.[4]

On February 14, 2018, the superior court issued an order to confirm the sheriff's sale nunc pro tunc to February 10, 2017. In August 2018, Chen, acting pro se, filed a lawsuit in United States District Court seeking to prevent enforcement of the sale. The district court dismissed the lawsuit for lack of subject matter jurisdiction and denied Chen's motion for reconsideration.

On June 5, 2019, Chen, acting pro se, filed a lawsuit in superior court against Chase, BONYMT, and several other parties (collectively Respondents) again seeking to prevent enforcement of the sheriff's sale.[5] Respondents moved to dismiss on the basis of res judicata and failure to state a claim. While the motion was pending, Chen filed a

---

[3] King County Superior Court No. 11-2-33383-3 SEA.
[4] JP Morgan Chase Bank v. Chen, 76624-4-I (Wash. Ct. App. October 8, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/766244.pdf, review denied, 193 Wn.2d 1003, 438 P.3d 125 (2019).
[5] King County Superior Court No. 19-2-15034-3 SEA.

pro se motion to set aside the sale and vacate the deed. The superior court denied Chen's motion. This appeal followed.

DECISION

A sheriff's sale must be confirmed unless "there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting." RCW 6.21.110(3). "'[C]onfirmation of judicial sales rests largely within the discretion of the trial court' and so is reviewed for manifest abuse of such discretion." Sixty-01 Ass'n of Apartment Owners v. Parsons, 181 Wn.2d 316, 322, 335 P.3d 933 (2014) (quoting Braman v. Kuper, 51 Wn.2d 676, 681, 321 P.2d 275 (1958)). "A trial court abuses its discretion when its decision is based on untenable grounds or untenable reasons." Shandola v. Henry, 198 Wn. App. 889, 896, 396 P.3d 395 (2017).

Chen asserts that the sheriff's deed is void because the judgment expired prior to the foreclosure sale. This court previously rejected the same claim raised by Chen in his 2017 objection to confirmation of sale:

> Judgments rendered by a Washington court are enforceable for a period of 10 years, unless the party obtains an extension. RCW 6.17.020(1), (3). A foreign judgment filed in a superior court shall be treated in the same manner as a judgment of the superior court. RCW 6.36.025(1). Here, Chase obtained the judgment on November 29, 2007. The sale occurred on December 16, 2016, within the 10 year time limit. The judgment had not expired and was enforceable.

JP Morgan Chase Bank v. Chen, No.76624-4-I, slip. op. at 5 (Wash. Ct. App. October 8, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/766244.pdf. The superior court confirmed the sale at the February 10, 2017 hearing. The judgment did not expire within the 10 year period.

Chen nevertheless asserts that the sheriff's deed is void, and the 10 year time limit has expired, because the sale was not confirmed by the court. The record does not support Chen's claim. At the hearing on February 10, 2017, the superior court stated on the record that it would "overrule [Chen's] objections and confirm the sheriff's sale." The court specified that it did not find sufficient evidence to establish substantial irregularities in the sheriff's sale under RCW 6.21.110. Because counsel for Chase did not bring an order for confirming the sale to the hearing, counsel submitted it later by motion as instructed. Accordingly, the superior court entered an order confirming the sale nunc pro tunc to February 10, 2017, the date of the hearing. "A nunc pro tunc order allows a court to date a record reflecting its action back to the time the action in fact occurred." State v. Hendrickson, 165 Wn.2d 474, 478, 198 P.3d 1029 (2009). The order confirming the sale nunc pro tunc to the date of the hearing was proper.

Chen next argues that the order confirming sale nunc pro tunc was obtained via a "conspiracy to defraud" because counsel submitted the request ex parte, in contradiction to the superior court judge's instructions. Chen is incorrect. King County Local Civil Rule 40.1(b)(1)(N) requires that motions to confirm a sale be presented ex parte. The record contains a letter from the superior court to counsel for Chase stating that documents he had presented for signature were being returned for presentation through ex parte.[6] Counsel did so, and a superior court judge signed the order. Chen's assertion that these actions were somehow fraudulent or otherwise improper are unsupported and without merit.

---

[6] We may take judicial notice of trial court records ancillary to the pending appeal. See ER 201; Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 98, 117 P.3d 1122 (2005).

Chen next argues that the sheriff's sale and deed should be set aside on equitable grounds because the property sold for only 40 percent of its fair market value. Although inadequacy of price alone is generally insufficient to set aside a nonjudicial foreclosure sale, "a grossly inadequate purchase price together with circumstances of other unfair procedures may provide equitable grounds to set aside a sale." Albice v. Premier Mortg. Servs. Of Wash., Inc., 157 Wn. App. 912, 933, 239 P.3d 1148 (2010). Here, the record shows that the property sold at public auction for $926,834.20. Chen offers no evidence in the record to show that this price is inadequate.

Chen next argues that the sheriff's sale and deed should be set aside because Respondents are "nonexistent entities without any legal standing for foreclosure." In support of this assertion, Chen relies on the September 24, 2019 declaration of William Paatalo, a private investigator specializing in mortgage issues. Paatalo stated that thus far in his investigation, he had been "unable to identify and/or verify the existence of any claimant with rights to enforce the Note, or the whereabouts of said Note." Based on the evidence he was able to obtain, Paatalo opined that the assignments were deceptive and contain indicia of fraud. However, Paatalo specified that in order to complete his investigation, he would need to inspect the note and review its entire custodial history, review all documents related to the existence of both assignees in the chain of title as well as the authorities of all parties claiming to act on their behalf, and review the "Pooling and Servicing Agreement" recorded with the assignment. This evidence is not sufficient to demonstrate there were substantial irregularities in the proceedings concerning the sale.

6

Chen next asserts that the sale and deed must be set aside because he did not receive notice of his rights of redemption every two months following the sale. Under RCW 6.23.030(1), "[i]f the property is subject to a homestead as provided in chapter 6.13 RCW," notice must be provided "at least forty but not more than sixty days before the expiration of the judgment debtor's redemption period." There is no requirement to provide notice every two months following the sale. Moreover, the remedy for failure to comply with this statutory notice requirement is to extend the judgment debtor's redemption period for a period of six months. RCW 6.23.030(2). If this should occur, "[n]o further notice need be sent" and the time for redemption "shall not be extended." RCW 6.23.020(2). Chen has not shown that the sale and deed should be set aside on this basis.[7]

Affirmed.

_Appelwick, J._

WE CONCUR:

_Coburn, J._                _Smith, J._

---

[7] Because Chen's present attempt to litigate the foreclosure and sheriff's sale is legally and factually unsupported, we need not reach the Respondents' assertion that Chen's lawsuit is also barred by the doctrine of res judicata.