IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Loan Trust 2006-4,<br><br>               Respondent,<br><br>      v.<br><br>JOHN E. ERICKSON AND SHELLEY A. ERICKSON, individuals residing in Washington,<br><br>               Appellants,<br><br>BOEING EMPLOYEES' CREDIT UNION, a Washington corporation; AMERICAN GENERAL FINANCIAL SERVICES, INC., a Delaware corporation; TBF FINANCIAL, LLC, an Illinois limited-liability corporation; JUSTIN. PARK & ROMERO PARK & WIGGINS, PS, a Washington professional services corporation; RANDAL EBBERSON, an individual residing in Washington; THE LAW FIRM OF KEATING BUCKLIN & MCCORMICK, INC, PS, a Washington professional services corporation; CITY OF AUBURN, WASHINGTON, a Washington municipality; CHARLES JOINER, an individual residing in Washington; PAUL KRAUSS, an individual residing in Washington; DAN HEID, an individual residing in Washington; SHELLEY COLEMAN, an individual residing in Washington; BRENDA HEINEMAN, an individual residing in Washington; and THE WASHINGTON CITIES INSURANCE AUTHORITY, a municipal organization of Washington public entities,<br><br>               Defendants. | No. 85006-7-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

JPMORGAN CHASE BANK, N.A., a national banking association; LONG BEACH MORTGAGE LOAN TRUST, 2006-4; and JOHN DOES 1-99,

Third Party Defendants.

SMITH, C.J. — This is the fourth appeal before this court arising from John and Shelley Erickson's 2009 default on their mortgage. Deutsche Bank National Trust Company (Deutsche Bank), via its corporate assignee, executed on the foreclosure judgment and purchased the property at a sheriff's sale. The Ericksons appeal the trial court's orders confirming the sheriff's sale and denying reconsideration. They argue that Deutsche Bank's corporate assignee is a "nonparty" that lacked authority to enforce the judgment or purchase the property as a judgment creditor. They also argue that an error in the judgment amount upon which the sale was based requires reversal. We conclude that the Deutsche Bank was authorized to act via its corporate assignee. But because the sheriff's sale was confirmed based on a substantial miscalculation of the judgment amount, we remand to the trial court for a determination as to whether this irregularity requires a new sale.

FACTS[1]

John and Shelley Erickson used their home in Auburn to secure a $476,000 loan from Long Beach Mortgage Company. Long Beach was part of

---

[1] We adopt the facts as set out in the opinion from the direct appeal in this matter. Deutsche Bank Nat. Tr. Co. for Long Beach Mort. Loan Tr. 2006-4 v. Erickson, No. 73833-0-I (Wash. Ct. App. Feb. 13, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/738330.pdf (Erickson II).

Washington Mutual, Inc., until it failed. Deutsche Bank Nat. Tr. Co. for Long Beach Mort. Loan Tr. 2006-4 v. Erickson, No. 73833-0-I, slip op. at 2 (Wash. Ct. App. Feb. 13, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/738330.pdf (Erickson II). JP Morgan Chase purchased Washington Mutual's assets. Erickson II, slip op. at 2. Shortly after executing the loan, Long Beach sold it into Long Beach Mortgage Loan Trust 2006-4. Id. at 2-3. Deutsche Bank was the trustee of the Long Beach Mortgage Loan Trust. Id. at 3. J.P. Morgan Chase later assigned its beneficial interest under the deed of trust to Deutsche Bank. Id.

The Ericksons defaulted on their payments in 2009. Id. The Ericksons filed suit against Deutsche Bank in 2010, arguing the bank lacked standing to enforce the note because it was not the original creditor and could not produce the original note. Id. The lawsuit was removed to federal court, which held that the defendants provided sufficient evidence to prove their ownership of the note and dismissed the lawsuit on summary judgment. Erickson v. Long Beach Mortg. Co., No. 10-1423 MJP, 2011 WL 830727 (W.D. Wash. Mar. 2, 2011) (court order) (Erickson I), aff'd., 473 F. App'x. 746 (9th Cir. 2012).

In January 2014, Deutsche Bank filed a foreclosure action in King County Superior Court to foreclose on the Ericksons' property. The trial court granted Deutsche Bank's motion for summary judgment and on August 27, 2015, entered a judgment and decree of foreclosure against the Ericksons. This court affirmed, concluding that Deutsche Bank held the note and that collateral estoppel prevented the Ericksons from relitigating the issue. Erickson II, slip op. at 2.

In 2019, the Ericksons filed a CR 60 motion in superior court to vacate the 2015 judgment on the ground that Deutsche Bank did not hold the note and therefore could not foreclose. Erickson v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mort. Loan Tr. 2006-4, No. 81648-9-I, slip op. at 2-3 (Wash. Ct. App. Nov. 29, 2021), http://www.courts.wa.gov/opinions/pdf/816489.pdf (Erickson III). The trial court granted summary judgment in favor of Deutsche Bank and this court affirmed. Erickson III, slip op. at 1.

In 2020, the Ericksons filed suit against attorneys who represented Deutsche Bank in Erickson II and Erickson III, arguing that they perpetrated fraud upon the court because Deutsche Bank did not properly hold the note. Erickson v. Power, No. 82755-3-I, slip. op. at 4 (Wash. Ct. App. April 25, 2022), http://www.courts.wa.gov/opinions/pdf/827553.pdf (Erickson IV). The trial court granted summary judgment for the defendants and this court affirmed. Erickson IV, slip op. at 1.

A sheriff's sale of the property was held on October 14, 2022. Deutsche Bank, via its corporate assignee, purchased the property under a credit bid in the amount of $1,146,435.80. A sheriff's return on sale of real property issued on October 19, 2022 noted that the sale resulted in a deficiency of $410,423.45. Deutsche Bank moved for confirmation of sale. The Ericksons objected. On December 12, 2022, the trial court found that there were no substantial irregularities in the proceedings and confirmed the sale. The Ericksons unsuccessfully moved for reconsideration.

The Ericksons now appeal.

ANALYSIS

Standard of Review

Confirmation of a purchase at a judicial sale is governed by RCW 6.21.110. A sheriff's sale must be confirmed unless "there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting." RCW 6.21.110(3). " '[C]onfirmation of judicial sales rests largely within the discretion of the trial court' and so is reviewed for manifest abuse of such discretion." Sixty-01 Ass'n of Apartment Owners v. Parsons, 181 Wn.2d 316, 322, 335 P.3d 933 (2014) (quoting Braman v. Kuper, 51 Wn.2d 676, 681, 321 P.2d 275 (1958)). "A trial court abuses its discretion when its decision is based on untenable grounds or is made for untenable reasons." Shandola v. Henry, 198 Wn. App. 889, 896, 396 P.3d 395 (2017). We generally defer to a sale "absent substantial irregularities or great inadequacies." Sixty-01 Ass'n, 181 Wn.2d at 327.

Corporate Assignee

The Ericksons do not challenge the validity of the August 27, 2015 judgment and decree of foreclosure entered in favor of Deutsche Bank as the judgment creditor. Rather, they argue that the trial court erred in confirming the sheriff's sale because it was based on a credit bid submitted in the name of a nonparty entity without assignment of the judgment. The Ericksons are incorrect.

Under RCW 6.17.030, a judgment may be executed upon in the name of an assignee. The statute provides in relevant part:

5

> When a judgment recovered in any court of this state has been assigned, execution may issue in the name of the assignee after the assignment has been recorded in the execution docket by the clerk of the court in which the judgment was recovered.

RCW 6.17.030.

This process was properly followed. On November 8, 2018, a Corporate Assignment of Deed of Trust was recorded in King County. The assignment identified the assignor as "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-4" and the assignee as "Deutsche Bank National Trust Company, as Trustee, in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-4, Asset-Backed Certificates, Series 2006-4." Based on this recorded assignment, Deutsche Bank's corporate assignee was authorized to execute on the foreclosure judgment and purchase the property as a judgment creditor at the sheriff's sale. Contrary to the Ericksons' claim, there is no doubt as to the identity of the purchaser and no need to substitute parties.[2] The trial court did not abuse its discretion in confirming the sheriff's sale or in denying reconsideration as to this issue.

## Redemption Amount

The Ericksons also assign error to the trial court's confirmation of the sheriff's sale based on "an erroneously calculated value of the underlying

---

[2] Deutsche Bank acknowledges that the sheriff's return on sale of real property appears to have left out the phrase, "In Trust for Registered Holders" in identifying its corporate assignee as the credit bidder that purchased the property. We agree with Deutsche Bank that this omission does not put the identity of the purchaser in question or prejudice the Ericksons in any way.

judgment and which created the wrong amount for redemption."[3] They contend that the error amounts to a substantial irregularity that warrants overturning the sale. For the first time on appeal, Deutsche Bank acknowledges that there was an apparent error in the amount of prejudgment interest calculated under the accepted bid, and that as a result, the Ericksons were notified that the amount required to redeem the property was $141,712.13 higher than it should have been. On August 30, 2023, in an effort to correct the error, Deutsche Bank filed an amended "Notice of Expiration of Redemption Period" in superior court that reflects a reduced redemption amount. Deutsche Bank asserts that this correction maintained the rights of all parties and that no further action is necessary. In reply, the Ericksons argue that the miscalculation amounts to a substantial irregularity that created an excessive deficiency and reduced the time for them to exercise their redemption rights. They assert that the error requires reversal and remand to the superior court with instructions to set aside the order confirming sale.

Chapter 6.23 RCW governs the statutory redemption of real property sold at a sheriff's sale. The judgment debtor or their successor may redeem the property from the purchaser within one year after the date of the sale. RCW 6.23.020(1)(b); Performance Constr. v. Glenn, 195 Wn. App. 406, 409, 380 P.3d 618 (2016). If no redemption is made within the one-year redemption period, the

---

[3] Although not entirely clear, it appears that the Ericksons raised this issue for the first time in their motion for reconsideration.

7

purchaser is entitled to a sheriff's deed. RCW 6.23.060; Performance, 195 Wn. App. at 418.

Here, the one-year statutory redemption period commenced when the property was sold on October 14, 2022. As Deutsche Bank now acknowledges, the Notice of Expiration of Redemption Period affirmatively misinformed the Ericksons that the amount required to redeem the property was $141,712.13 higher than it should have been.[4] Deutsche Bank asserts that the amended notice cured the error but, as the Ericksons point out, it was filed only six weeks before the one-year redemption period expired on October 14, 2023.

Based on the record before us, it is unclear if the trial court considered whether the miscalculation amounted to a "substantial irregularit[y]" that resulted in "probable loss or injury" to the Ericksons. See RCW 6.21.110(3). Although the matter was raised in the motion to reconsider, and the court indicated that there was no basis for reconsideration, it failed to specifically address this new issue raised. Nor has the trial court had an opportunity to address whether the amended Notice of Expiration of Redemption Period cured the error.

We therefore remand to the trial court to enter findings of fact, conclusions of law, and an order addressing these matters. Specifically, the court should consider (1) the basis and amount of the miscalculation, (2) whether the amended notice cured the error, and (3) whether a new sale is required on the ground that the miscalculation amounted to a "substantial irregularit[y] in the

---

[4] We also note that neither the original nor the amended Notice of Expiration of Redemption Period includes the sheriff's address, as RCW 6.23.030(3) requires.

proceedings concerning the sale, to the probable loss or injury of the party objecting." RCW 6.21.110(3).

Remanded.

_Smith, C.J._

WE CONCUR:

_Díaz, J._

_Chung, J._